UNITED STATE DISTRICT COURT
DISTRICT OF MAINE

CIVIL ACTION NO:

| | |
|---|---|
| **Live Well Financial, Inc.** | ) |
| | ) |
| Plaintiff | ) COMPLAINT |
| | ) |
| vs. | ) RE: 10 Lassell Street, Portland, ME 04102 |
| | ) Mortgage: January 11, 2013 |
| **Sakhoeth Loth** | ) Book 30309, Page 305 |
| | ) |
| Defendant | ) |
| | ) |
| **Secretary of Housing and Urban Development** | ) |
| | ) |
| | ) |
| Party-in-Interest | ) |
| | ) |

NOW COMES the Plaintiff, Live Well Financial, Inc., by and through its attorneys, Doonan Graves and Longoria LLC, and hereby complains against the Defendant, Sakhoeth Loth, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs. Any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Fixed Rate Note Home Equity Conversion executed under seal currently owned and held by Live Well Financial, Inc. in which the Defendant, is the obligor and the total amount owed under the terms of the Fixed Rate Note Home Equity Conversion is in excess of Three Hundred Four Thousand Five Hundred Dollars ($304,500.00), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand dollars ($75,000.00).

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Live Well Financial, Inc. is a corporation organized under the laws of the State of Virginia, with its principal place of business located at 830 East Main Street, Suite 1000, Richmond, VA 23219

5. The Defendant Sakhoeth Loth who, upon information and belief, resides at 10 Lassell Street, Portland, ME 04102

6. The Party-In-Interest, Secretary of Housing and Urban Development, is located at 451 Seventh Street, S.W., Washington, DC 20410

## FACTS

7. On January 11, 2013, the Defendant Sakhoeth Loth executed and delivered, under seal, to Genworth Financial Home Equity Access, Inc. n/k/a Liberty Home Equity Solutions, Inc. a certain Fixed Rate Note Home Equity Conversion in the amount of $304,500.00 ("Fixed Rate Note Home Equity Conversion"). *See* Exhibit A (a true and correct copy of the Fixed Rate Note Home Equity Conversion is attached hereto and incorporated herein).

8. To secure the loan obligation, on January 11, 2013, Sakhoeth Loth executed a mortgage deed securing the property in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Genworth Financial Home Equity Access, Inc. n/k/a Liberty Home Equity Solutions, Inc. which mortgage deed is recorded in the Cumberland County Registry of Deeds in **Book 30309, Page 305** ("Loth Mortgage"). *See* Exhibit B (a true and correct copy of the ("Loth Mortgage") is attached hereto and incorporated herein).

9. The Mortgage Deed was then assigned to Live Well Financial, Inc. by virtue of an Assignment of Mortgage dated June 13, 2014 and recorded in the Cumberland County Registry of Deeds in **Book 31581, Page 204**. *See* Exhibit C (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The transfer of all rights contained in the Mortgage to the Plaintiff is further ratified and confirmed by the Quitclaim Assignment and recorded in the Cumberland County Registry of Deeds in **Book 31902, Page 22.** *See* Exhibit D (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

11. On April 27, 2016, the Defendant was sent a Notice of Mortgagor's Right to Cure, which was returned "unclaimed" on or about May 25, 2016 (hereinafter referred to as the "Demand Letter"). *See* Exhibit E (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

12. The Demand Letter informed the Defendant of the payment due date; the total amount necessary to cure the default, and the deadline by which the default must be cured, which is no more than thirty-five (35) days from either receipt or returned Demand Letter. *See* Exhibit E.

13. The Defendant failed to cure the default prior to the expiration of the Demand Letter.

14. Live Well Financial, Inc. is the present holder of the aforesaid Fixed Rate Note Home Equity Conversion pursuant to possession of the Fixed Rate Note Home Equity Conversion in conformity with Title 11, sec 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

15. Live Well Financial, Inc., is the lawful holder and owner of the Fixed Rate Note Home Equity Conversion and Mortgage.

16. The total debt owed under the Mortgage and Fixed Rate Note Home Equity Conversion as of July 31, 2016, if no payments are made, is One Hundred Seventy Nine Thousand One Hundred Eighty Two Dollars and Eighteen Cents (179,182.18), which includes: Principal Balance in the amount of One Hundred Thirty Seven Thousand, Three Hundred Fifty Five Dollars and Fifty Nine Cents ($137,355.59); Accrued Interest in the amount of Twenty Six Thousand Eighty Eight Dollars and Sixteen Cents ($26,088.16); MIP in the amount of Ten Thousand Five Hundred Ninety Five Dollars and Twelve Cents ($10,595.12); Taxes in the amount of Two Thousand Sixteen Dollars and Fifty Six Cents ($2,016.56); Appraisals in the amount of Five Hundred Seventy Five Dollars and

Zero Cents ($575.00); Inspections in the amount of One Hundred Dollars and Zero Cents ($100.00); Attorney's Fees in the amount of Two Thousand Four Hundred Fifty One Dollars and Seventy Five Cents ($2,451.75) for a total of One Hundred Seventy Nine Thousand One Hundred Eighty Two Dollars and Eighteen Cents ($179,182.18).

17. Upon information and belief, the Defendant is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

18. Live Well Financial, Inc. repeats and realleges paragraphs 1 through 17 as if fully set forth herein.

19. This is an action for foreclosure respecting a real estate related Mortgage and title located at 10 Lassell Street, Portland, County of Cumberland., and State of Maine. *See* Exhibit B.

20. The Plaintiff is the holder of the Fixed Rate Note Home Equity Conversion referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Fixed Rate Note Home Equity Conversion in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me 280 (1929). As such, Plaintiff has the right of foreclosure upon the subject property.

21. Live Well Financial, Inc., is the current owner and investor of the aforesaid Mortgage and Fixed Rate Note Home Equity Conversion and Mortgage.

22. The Defendant, Sakhoeth Loth, is presently in default on said Mortgage and Fixed Rate Note Home Equity Conversion, for failure to make repairs to the property per the aforesaid Mortgage, and, therefore, has breached the condition of the aforesaid Mortgage and Fixed Rate Note Home Equity Conversion.

23. The total debt owed under the Fixed Rate Note Home Equity Conversion and Mortgage as of July 31, 2016, if no payments are made, is One Hundred Seventy Nine Thousand One Hundred Eighty Two Dollars and Eighteen Cents (179,182.18), which includes: Principal Balance in the amount of One Hundred Thirty Seven Thousand, Three Hundred Fifty Five Dollars and Fifty Nine Cents ($137,355.59); Accrued Interest in the amount of Twenty Six Thousand Eighty Eight Dollars and Sixteen Cents ($26,088.16); MIP in the amount of Ten Thousand Five Hundred Ninety Five Dollars and Twelve Cents ($10,595.12); Taxes in the amount of Two Thousand Sixteen Dollars and Fifty Six Cents ($2,016.56); Appraisals in the amount of Five Hundred Seventy Five Dollars and Zero Cents ($575.00); Inspections in the amount of One Hundred Dollars and Zero Cents ($100.00); Attorney's Fees in the amount of Two Thousand Four Hundred Fifty One Dollars and Seventy Five Cents ($2,451.75) for a total of One Hundred Seventy Nine Thousand One Hundred Eighty Two Dollars and Eighteen Cents ($179,182.18).

24. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

25. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

26. Notice in conformity with 14 M.R.S.A. Sec. 611 was sent to the Defendant on April 27, 2016 and was returned "unclaimed" on or about May 25, 2016.  *See* Exhibit E.

27. The Defendant is not in the Military as evidenced by the attached Exhibit F.

## COUNT II – BREACH OF NOTE

28. Live Well Financial, Inc. repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. On January 11, 2013, Sakhoeth Loth executed and delivered, under seal, a certain Fixed Rate Note Home Equity Conversion in the amount of $304,500.00. *See* Exhibit A

30. To secure this obligation, Sakhoeth Loth executed the Loth Mortgage.

31. The Defendant is presently in default under the terms of the Fixed Rate Note Home Equity Conversion for failure to make repairs to the property. *See* Exhibit E.

32. Live Well Financial, Inc., is the proper holder of the Fixed Rate Note Home Equity Conversion, is entitled to enforce the terms and conditions of the Fixed Rate Note Home Equity Conversion due to its breach by the Defendant.

33. The Defendant, having failed to comply with the terms of the Fixed Rate Note Home Equity Conversion and Mortgage, are in breach of both the Fixed Rate Note Home Equity Conversion and Mortgage.

34. The Defendant, Sakhoeth Loth's, breach is knowing, willful and continuing.

35. The Defendant' breach has caused Live Well Financial, Inc. to suffer actual damages including, but not limited to, money lent, interest, expectancy damages as well as attorney's fees and costs.

36. The total debt owed under the Note and Mortgage as of July 31, 2016, if no payments are made, is One Hundred Seventy Nine Thousand One Hundred Eighty Two Dollars and Eighteen Cents (179,182.18), which includes: Principal Balance in the amount of One Hundred Thirty Seven Thousand, Three Hundred Fifty Five Dollars and Fifty Nine Cents ($137,355.59); Accrued Interest in the amount of Twenty Six Thousand Eighty Eight Dollars and Sixteen Cents ($26,088.16); MIP in the amount of Ten Thousand Five

Hundred Ninety Five Dollars and Twelve Cents ($10,595.12); Taxes in the amount of Two Thousand Sixteen Dollars and Fifty Six Cents ($2,016.56); Appraisals in the amount of Five Hundred Seventy Five Dollars and Zero Cents ($575.00); Inspections in the amount of One Hundred Dollars and Zero Cents ($100.00); Attorney's Fees in the amount of Two Thousand Four Hundred Fifty One Dollars and Seventy Five Cents ($2,451.75) for a total of One Hundred Seventy Nine Thousand One Hundred Eighty Two Dollars and Eighteen Cents ($179,182.18) dollars; plus foreclosure fees and costs which continue to accrue daily.

37. Injustice can only be avoided by awarding damages for the total amount owed under the Fixed Rate Note Home Equity Conversion including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

38. Live Well Financial, Inc. repeats and re-alleges paragraphs 1 through 37 as if fully set forth herein.

39. By executing, under seal, and delivering the Fixed Rate Note Home Equity Conversion, Sakhoeth Loth entered into a written contract with Genworth Financial Home Equity Access, Inc. n/k/a Liberty Home Equity Solutions, Inc. where Genworth Financial Home Equity Access, Inc. n/k/a Liberty Home Equity Solutions, Inc., who agreed to loan the amount of Three Hundred Four Thousand Five Hundred Dollars ($304,500.00) to Sakhoeth Loth. *See* Exhibit A.

40. The Defendant is indebted to Live Well Financial, Inc. in the sum of Three Hundred Four Thousand Five Hundred Dollars ($304,500.00) for money lent by Plaintiff to Sakhoeth Loth.

41. The Defendant's breach is knowing, willful and continuing.

42. The Defendant' breach has caused Live Well Financial, Inc. to suffer actual damages including, but not limited to, money lent, interest, expectancy damages as well as attorney's fees and costs.

43. The total debt owed under the Note and Mortgage as of July 31, 2016, if no payments are made, One Hundred Seventy Nine Thousand One Hundred Eighty Two Dollars and Eighteen Cents (179,182.18), which includes: Principal Balance in the amount of One Hundred Thirty Seven Thousand, Three Hundred Fifty Five Dollars and Fifty Nine Cents ($137,355.59); Accrued Interest in the amount of Twenty Six Thousand Eighty Eight Dollars and Sixteen Cents ($26,088.16); MIP in the amount of Ten Thousand Five Hundred Ninety Five Dollars and Twelve Cents ($10,595.12); Taxes in the amount of Two Thousand Sixteen Dollars and Fifty Six Cents ($2,016.56); Appraisals in the amount of Five Hundred Seventy Five Dollars and Zero Cents ($575.00); Inspections in the amount of One Hundred Dollars and Zero Cents ($100.00); Attorney's Fees in the amount of Two Thousand Four Hundred Fifty One Dollars and Seventy Five Cents ($2,451.75) for a total of One Hundred Seventy Nine Thousand One Hundred Eighty Two Dollars and Eighteen Cents ($179,182.18) dollars; plus foreclosure fees and costs which continue to accrue daily.

44. Injustice can only be avoided by awarding damages for the total amount owed under the Fixed Rate Note Home Equity Conversion and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT III – QUANTUM MERUIT

45. Live Well Financial, Inc. repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. Genworth Financial Home Equity Access, Inc. n/k/a Liberty Home Equity Solutions, Inc., predecessor-in-interest to Live Well Financial, Inc., loaned Sakhoeth Loth Three Hundred Four Thousand Five Hundred Dollars ($304,500.00).  *See* Exhibit A.

47. The Defendant, is in default under the terms of the Fixed Rate Note Home Equity Conversion and Mortgage by failing to property make repairs to the property per the Mortgage.  *See* Exhibit E.

48. As a result of the Defendant' failure to perform under the terms of the Fixed Rate Note Home Equity Conversion and Mortgage, the Defendant has been unjustly enriched at the expense of Live Well Financial, Inc.

49. As such, Live Well Financial, Inc. is entitled to relief under the doctrine of *quantum meruit*.

## COUNT IV –UNJUST ENRICHMENT

50. Live Well Financial, Inc. repeats and re-alleges paragraphs 1 through 49 as if fully set forth herein.

51. Genworth Financial Home Equity Access, Inc. n/k/a Liberty Home Equity Solutions, Inc., predecessor-in-interest to Live Well Financial, Inc., loaned the Defendant, Sakhoeth Loth, Three Hundred Four Thousand Five Hundred Dollars ($304,500.00).  *See* Exhibit B.

52. The Defendant, Sakhoeth Loth, has failed to repay the loan obligation under the terms of the Fixed Rate Note Home Equity Conversion and Mortgage.

53. As a result, the Defendant, Sakhoeth Loth, has been unjustly enriched to the detriment of the Plaintiff, Live Well Financial, Inc., by having received the aforesaid benefits and money and not repaying said benefits and money.

54. As such, Live Well Financial, Inc. is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, Live Well Financial, Inc., prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff upon the expiration of the period of redemption;

c) Find that the Defendant is in breach of the Fixed Rate Note Home Equity Conversion by failing to make repairs to the property per the Mortgage;

d) Find that the Defendant is in breach of the Mortgage by failing to make repairs to the property per the Mortgage;

e) Find that the Defendant enter into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant is in breach of contract by failing to comply with the terms of the Fixed Rate Note Home Equity Conversion and Mortgage by failing to make repairs to the property per the Mortgage;

g) Find that the Plaintiff is entitled to enforce the terms and conditions of the Fixed Rate Note Home Equity Conversion and Mortgage;

h) Find that by virtue of the Fixed Rate Note Home Equity Conversion and Mortgage, the Defendant has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff to restitution;

j) Find that the Defendant is liable to the Plaintiff for monies had and received;

k) Find that the Defendant is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant has appreciated and retained the benefit of the Mortgage;

m) Find that it would be inequitable for the Defendant to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

n) Find that the Plaintiff is entitled to restitution for this benefit from the Defendant;

o) Determine the amount due on said Mortgage and Fixed Rate Note Home Equity Conversion, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant and in favor of Live Well Financial, Inc., in the amount of Three Hundred Four Thousand Five Hundred Dollars ($304,500.00);

q) For such other and further relief as this Honorable Court deems just and equitable.

                                            Respectfully Submitted,
                                            Live Well Financial, Inc.
                                            By its attorneys,

Dated: July 12, 2016                   /s/ John A. Doonan
                                            John Doonan, Esq. (BBO# 3250)
                                            Doonan, Graves & Longoria, LLC
                                            100 Cummings Center Suite 225D
                                            Beverly, MA 01915
                                            Tel. (978) 921-2670